HENRY O. MARCY *v.* GEORGE W. MERRIFIELD; AND DAVID W. CHEEVER *v.* SAME.*

*Waiver.   Evidence.   Taking of Depositions.   Notice.*

Defendant's attorney received notice of the taking of depositions on the part of plaintiff, in Massachusetts, but, believing the notice insufficient, employed an attorney in Massachusetts solely to protest against the taking. That attorney appeared, made known the limited character of his employment and the grounds of protest, but, being overruled, cross-examined the deponents. *Held,* that plaintiff was bound to take notice that the appearance was special and limited.

Under the circumstances of the case, *q. v.*, it was *held* that the notice was sufficient.

The depositions of witnesses other than those named in the notice were taken at the same time and without notice other than a verbal one given to the attorney who appeared, by the magistrate who took the depositions. *Held,* that they were taken without legal notice.

THESE cases were in book account for medical attendance on the defendant's wife. The facts reported by the auditor were, so far as material, as follows:

The plaintiff in each case offered in evidence before the auditor the depositions of Henry O. Marcy, Eliza J. Young, William H. Briggs and Roland Litchfield, and an agreement of parties, the cases being substantially alike, that the depositions to be taken in one case might be used in both. To the admission of the depositions the defendant objected—to the admission of Marcy's and Young's, for that they were taken on insufficient notice. Of the taking of those depositions two notices were given, one of a taking on November 20, before "Wm. L. Howard, at his office in Cambridge, Massachusetts", and served on the defendant's attorney, William L. Batchelder, who resided in Windsor, on November 8, and the other of a taking on the same day before "Wm. L. Howard, a notary public, at his office in Cambridgeport," &c., and served in like manner, on November 15. The other two depositions were taken without any notice whatever, except verbal notice by the magistrate to the attorney who attended the taking.

*Heard at the February Term, 1878.

When those notices were served the defendant was out of the State and could not be communicated with in season for the taking. It was also inconvenient by reason of the nearness of the December Term of Windsor County Court for Batchelder to attend the taking. He accordingly employed one Hall, an attorney in Massachusetts, to appear solely to protest against proceeding to take the depositions, of the taking of which he had had notice. Hall appeared, made known the limited character of his employment, and stated the grounds of his protest, but being overruled, he cross-examined the deponents.

The auditor found that the notice of the taking of Marcy's and Young's depositions was sufficient, and that the want of notice or of sufficient notice was waived by Hall's appearance, and found, subject to the opinion of the court, that the plaintiffs should recover.

The defendant excepted to the reports for that said depositions were admitted; but at the December Term, 1877, the court, BARRETT, J., presiding, rendered judgment, *pro forma*, on the report for the plaintiffs; to which the defendant excepted.

*Edminster & Batchelder*, for the defendant.

The depositions of Marcy and Young should not have been admitted. The notice was insufficient. *Henry* v. *Huntley*, 37 Vt. 316 ; *St. Johnsbury* v. *Goodenough*, 44 Vt. 662 ; Sts. 1864, No. 47 ; *Kimpton* v. *Glover*, 41 Vt. 283 ; *Stephens* v. *Thompson*, 28 Vt. 77. The appearance of Hall cannot affect the defendant adversely. *Stephens* v. *Thompson, supra.*

The depositions of Litchfield and Briggs having been taken without notice are inadmissible.

*Norman Paul*, for the plaintiffs.

The finding of the auditor as to the sufficiency of notice is conclusive. *Folsom* v. *Conner*, 49 Vt. 4.

It appears that no objection was made before the auditor to his receiving any of the depositions, because *no* notice had been given. The defendant can make no question in the Supreme Court as to the admissibility of evidence, except such as was raised before the auditor. *Hough* v. *Lawrence*, 5 Vt. 299 ; *Gibbs* v. *Sleeper*, 45 Vt. 409.

The defendant having appeared by counsel and cross-examined the witnesses, waived all defects in the notice, and the want of notice. *Spaulding* v. *Swift*, 18 Vt. 214; *Pratt* v. *Battles*, 34 Vt. 391; *Spaulding* v. *Ludlow Woolen Mill*, 36 Vt. 150; *Kimpton* v. *Glover*, 41 Vt. 283; *Abbott* v. *Dutton*, 44 Vt. 546.

The opinion of the court was delivered by

REDFIELD, J. The defendant's counsel, Batchelder, believing that the notice for taking certain depositions was insufficient in that it did not allow sufficient time for counsel to consult his client, who resided without this State, employed one Hall, an attorney in Massachusetts, to appear solely for making protest against proceeding to take said depositions. He did appear, and made known the limited character of his employment, and stated the grounds of his protest. Being overruled, he cross-examined the deponents. We think the plaintiff was bound to take notice that Hall appeared only in a special and limited character. Yet we regard the notice against which he protested, under all the circumstances, as legally sufficient. But the depositions of Litchfield and Briggs were taken without notice to any one save a verbal notice to Hall, at the time they were taken, by the magistrate writing the depositions. We think these depositions were taken without any legal notice. Both cases for this reason are reversed and remanded.